# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. GORBY, <br><br> Petitioner, <br><br> v. <br><br> JOHN WETZEL, Secretary Pennsylvania Department of Corrections, and JAY LANE, Acting Superintendent of the State Correctional Institution at Fayette, <br><br> Respondents. | Civil Action No. 2: 12-cv-1170 |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

Presently pending before the court is petitioner's motion in limine to enforce petitioner's right against self-incrimination and limit cross-examination of petitioner at the evidentiary hearing scheduled for September 7, 2016. (ECF No. 67). Respondents filed a response in opposition. (ECF No. 70).

Petitioner Thomas J. Gorby ("petitioner") raises one claim in support of his request for habeas relief; *to wit*: his trial counsel was ineffective for failing to reasonably investigate, develop, and present a diminished capacity defense. Because the sole issue raised is an issue of ineffectiveness of counsel, the determination is governed by the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail, petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient representation was prejudicial to the petitioner. *Id.* at 688.

This court made a preliminary determination that trial counsel's conduct during the guilt phase of trial fell below an objective standard of reasonableness. In light of this determination,

1

the court must next determine whether the deficient representation was prejudicial to the petitioner. To this end, the court scheduled an evidentiary hearing and will receive evidence on the following topic: "If informed by trial counsel that a diminished capacity defense was available, would Petitioner have authorized his trial counsel to contest the degree of culpability based upon an inability to formulate the specific intent to kill." (May 3, 2016 Order, ECF No. 62). To pursue that defense in his trial, petitioner could not have "maintained his innocence." Jacobs v. Horn, 395 F.3d 92, 108 (3d Cir. 2005).

Petitioner filed the instant motion in which he requests that the court limit any cross-examination to the direct examination to which petitioner testifies at the upcoming evidentiary hearing. Petitioner asserts that testimony will relate solely to the issue of whether he would have authorized trial counsel to pursue a diminished capacity defense. Respondents argue that they should be permitted to question petitioner, *inter alia*, on whether he now admits that he is generally liable for the killing in the underlying criminal case. Such an admission, according to respondents, "would provide this Court some assurance that the Petitioner is being credible when he avers that he would, in fact, pursue a defense of diminished capacity upon retrial and not a defense of actual innocence." Resp. at ¶ 8 (ECF No. 70).

The court finds respondents' arguments to be unavailing. Initially, the court notes that the Federal Rules of Evidence apply in habeas cases. Federal Rule of Evidence 611(b) defines the scope of cross examination. The court could not find any case law to directly support respondents' position. The determinative issue is whether petitioner was prejudiced by the failure to pursue a diminished capacity defense at his original trial. *See Jacobs*, 395 F.3d at 105, 108 (the court of appeals noted that a "diminished capacity defense is inconsistent with an assertion of of innocence" and addressed whether the outcome at trial would have been different;

2

the court did not expressly address whether petitioner would actually pursue such a defense on retrial); *Commonwealth v. Legg*, 711 A.2d 430, 448 (Pa. 1998) (Pennsylvania Supreme Court framed prejudice in terms of the factfinder's inability to consider evidence of diminished capacity, which could have changed the outcome of the trial, but did not require Legg to agree to a diminished capacity for a retrial).

For these reasons, the motion in limine will be granted. An appropriate order will be entered.

BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated: September 6, 2016

cc: Samuel J. Angell
Federal Community Defender Office for the Eastern District of Pennsylvania
(via ECF electronic notification)

Jerome A. Moschetta
Washington County District Attorney's Office
(via ECF electronic notification)